**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

FOREVERLAWN, INC.,

      Plaintiff,

      v.                                        Civ. No. 19-655 SCY/KK

MICHAEL W. HARKRIDER,
VICKI L. HARKRIDER, and
ELITE TURFCARE GROUP, LLC,

      Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO TRANSFER**[1]

Plaintiff ForeverLawn, Inc. markets and distributes artificial lawn products nationally, including in Austin, Texas. For nine years, it had an exclusive dealer agreement with Defendants. In October of 2018, the parties terminated the agreement. According to Plaintiff, this meant Defendants could no longer distribute Plaintiff's products, use Plaintiff's trademark, or compete with Plaintiff in Texas for the next 18 months. When Plaintiff found out Defendants were still claiming to sell "ForeverLawn" products and in fact marketing its competitors' products, it sued.

The parties' contract contains a forum selection clause pointing to New Mexico. Despite that clause, Defendants move to transfer this case to Texas, arguing that neither party has any connection to New Mexico and none of the witnesses are located here. The presence of an enforceable and valid forum selection clause trumps these factors. Because there are no grounds on which to find the clause at issue void or unenforceable, the Court denies Defendants' motion to transfer.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 14, 18, 21.

**BACKGROUND**

Plaintiff and Defendants entered into a contract on January 23, 2009. Doc. 36-1. The contract, also known as an Exclusive Dealer Agreement or EDA, provided Defendants with an exclusive license to sell Plaintiff's products, and a non-exclusive license to use Plaintiff's trademark when doing so. Doc. 1-3 ¶ 1. At the time, Plaintiff was headquartered in New Mexico, and the EDA provided that New Mexico law would apply to the agreement and that "[a]ny actions under this Agreement shall be brought only in the state and federal courts in the City of Albuquerque, New Mexico." *Id.* ¶ 18.

Three years later, in 2012, Plaintiff closed its New Mexico office and transitioned its operations to Ohio. Doc. 1 (Compl.) ¶ 27. In 2017, it began asking its dealers to sign an updated contract. *Id.* Defendants were notified in 2018 of the proposed changes, including changing the term to a two-year agreement, renewable at Plaintiff's discretion. Doc. 37 at 3 ¶ 12. Defendants disagreed with the change to a two-year term. *Id.* ¶ 13. The parties communicated about the disagreement for several months, did not work out a resolution, and the agreement was officially terminated. Compl. ¶¶ 28-31; Doc. 37 ¶¶ 12-22. Doc. 1-8 at 3. The parties dispute who terminated the agreement. *Id.* Plaintiff found a new dealer in Austin and entered into a new agreement with it to sell ForeverLawn products. Compl. ¶ 42.

After the EDA was terminated, Plaintiff alleges that it discovered that Defendant was competing against it in Austin and using its trademark in violation of the EDA. Plaintiff filed suit in this Court on July 18, 2019. Doc. 1. The Complaint brings six causes of action: Breach of Contract and Indemnification (Count I); violation of the Lanham Act (Count II); and violation of the Ohio Deceptive Practices Act, or in the alternative, the New Mexico Unfair Practices Act (Count III); violation of the Defend Trade Secrets Act of 2016 (Count IV); violation of the Ohio

Uniform Trade Secrets Act, or in the alternative, the New Mexico Uniform Trade Secrets Act (Count V); and injunctive relief and equitable tolling (Count VI).

On August 16, Defendant filed its Answer and Counterclaim. Doc. 16. The Counterclaim brought one cause of action for breach of contract. *Id.* at 11. The Counterclaim was amended on September 10, to include two causes of action: breach of contract and repudiation (Count I), and a request for declaratory judgment (Count II). Doc. 37. The parties had a Rule 16 scheduling conference on August 30, 2019, and have been conducting discovery. Docs. 31 & 32. Plaintiff filed a motion for preliminary injunction on September 6, requesting that Defendants be enjoined from competing with Plaintiff in Texas and using Plaintiff's trademark and confidential information. Doc. 33. On September 9, Defendants filed the instant motion to transfer. Doc. 34. Briefing is complete and the motion is ready for decision. Docs. 39 & 42.

## **DISCUSSION**

Invoking 28 U.S.C. 1404(a), Defendants move to transfer venue in this case to the Western District of Texas, Austin Division. Doc. 35 at 1. Defendants argue that the forum selection clause pointing to New Mexico should not be enforced. According to Defendants, Plaintiff has no corporate presence in New Mexico and does not conduct any corporate activities in New Mexico. All of Defendants' activities related to the complaint, including the documents and the vast majority of potential witnesses, are located in Travis County, Texas. Doc. 35 at 4.

Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). "In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various

public-interest considerations." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*,

571 U.S. 49, 62 (2013). "The calculus changes, however, when the parties' contract contains a

valid forum-selection clause, which represents the parties' agreement as to the most proper

forum." *Id.* at 63 (internal quotation marks omitted). "For that reason, and because the

overarching consideration under § 1404(a) is whether a transfer would promote the interest of

justice, a valid forum-selection clause should be given controlling weight in all but the most

exceptional cases." *Id.* (internal quotation marks and alterations omitted).

> [A] court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum.

*Id.* at 64. "As a consequence, a district court may consider arguments about public-interest

factors only. Because those factors will rarely defeat a transfer motion, the practical result is that

forum-selection clauses should control except in unusual cases." *Id.* (citation omitted). In other

words, based on binding Supreme Court precedent, this Court cannot consider how the location

of documents, witnesses, or Plaintiff's corporate headquarters might affect the parties.

In determining whether a case is one of the rare cases in which public-interest factors

prevail over a forum-selection clause, a district court may consider "the administrative

difficulties flowing from court congestion; the local interest in having localized controversies

decided at home; and the interest in having the trial of a diversity case in a forum that is at home

with the law." *Id.* at 62 n.6. Defendants argue that the trial will be impeded because witnesses

must travel to attend. Doc. 25 at 15. The primary witnesses in this case appear to be the parties or

employees of the parties. *Id.* at 9-17. Inconvenience to the majority of the witnesses, therefore,

implicates private rather than public interest. Although some third-party witnesses will have to

travel from Texas to New Mexico, this inconvenience is insufficient to overcome the

presumption in favor of forum selection clauses.

Defendants further argue that the Western District of Texas has a local interest in this

"localized" controversy. Doc. 35 at 15. Defendants ignore that this controversy also involves an

Ohio-based corporation that has dealership agreements "throughout the United States." Compl.

¶ 1. This is not a "localized" controversy limited to the Austin, Texas area. Although it appears

that the Western District of Texas has a greater interest than the District of New Mexico in this

dispute involving a Western District of Texas business, Defendants have not provided any reason

to believe that this case presents issues of great public concern in the Western District of Texas.

Considering the public interest factors in the aggregate, Defendants have failed to establish that

this is such an exceptional case that the forum-selection clause should be invalidated.

Because they are unable to establish that the forum-selection clause permits transfer to

the Western District of Texas, Defendants must argue instead that the forum selection clause

either does not apply at all, or is invalid. But "a party resisting enforcement [of a forum selection

provision] carries a heavy burden of showing that the provision itself is invalid due to fraud or

overreaching or that enforcement would be unreasonable and unjust under the circumstances."

*Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992). "Only a

showing of inconvenience so serious as to foreclose a remedy, perhaps coupled with a showing

of bad faith, overreaching or lack of notice, would be sufficient to defeat a contractual forum

selection clause." *Id.* at 958. The Supreme Court in *Atlantic Marine Construction Co.* made clear

that the type of inconvenience Defendants rely on here—the location of documents and

witnesses—cannot defeat a forum selection clause. Defendants do not allege bad faith or a lack

of notice. The Court therefore finds the clause valid and enforceable.

That leaves only Defendants' argument that the clause does not apply to the complaint here, outside the breach of contract claim (count one). Defendants argue that "very little of the Plaintiff's Complaint relates to claims made 'under th[e] Agreement.'" Doc. 35 at 6. "In fact, the Complaint contains numerous statutory claims that specifically cannot be made 'under this Agreement,' because . . . the EDA . . . specifically states that Plaintiff may not raise any statutory claims that impose additional duties upon Defendants." *Id.*

Defendant misquotes a key word from this forum-selection clause. The clause does not state that "*claims* made under this Agreement" shall be brought in New Mexico; it specifies that "*actions* under this Agreement" shall be brought in New Mexico. Doc. 1-3 ¶ 18 (emphasis added). Defendants' focus on the non-contract claims within this action is therefore misplaced. The presence of claims in addition to the breach of contract claim does not mean that the action itself ceases to relate to the contract. *See also Mann v. Auto. Prot. Corp.*, 777 F. Supp. 2d 1234, 1243 (D.N.M. 2011) (claims involving the same operative facts as a breach of contract claim should be heard in the forum selected by the parties); *Presbyterian Healthcare Servs. v. Goldman, Sachs & Co.*, 122 F. Supp. 3d 1157, 1203 (D.N.M. 2015) ("courts have interpreted forum-selection clauses broadly to govern freestanding, non-contract claims"). There is only one action here, and it is clearly brought under the EDA.

## CONCLUSION

Defendants' Motion to Transfer (Doc. 34) is DENIED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE
Presiding by consent